HARVARD LAW SCHOOL LIBRARY.

JOHN TURNEY, administrator, &c. *et al.* plaintiffs in error, *v.* EDWARD E. SAUNDERS, defendant in error.

## *Error to Jo Daviess.*

A. and B. obtained a judgment in a proceeding to enforce a mechanic's lien on certain real estate, the premises were sold to satisfy the same, and they became the purchasers. Subsequently a motion was made to set aside the sale, and notice served on A. only. The motion was heard *ex parte*, and denied: *Held*, that notice to both judgment creditors was indispensable, and that therefore the Court did not err in denying the motion.

MOTION to set aside a sale on execution, in the Jo Daviess Circuit Court, made by the plaintiffs in error against the defendants in error, and heard before the Hon. Thomas C. Browne, at the March term 1846. The motion was heard *ex parte*, and denied. The facts are briefly stated by the Court.

*Thompson Campbell,* and *H. O. Merriman,* for the plaintiffs in error, contended that the judgment having been reversed by this Court, and Saunders and Crook having become the purchasers, the sale should be set aside. *Turney* v. *Saunders,* 4 Scam. 534.

*E. B. Washburne,* for the defendant in error, filed the following brief:

The parties who are now seeking to set aside this sale were not the defendants in the suit in which the judgment was rendered. The case below was Saunders and Crook *v.* John Turney, administrator, and Frances G. Campbell, administratrix of William Campbell and John W. Campbell. The parties here are different.

Irregularities in the sale of land on execution will not be corrected, unless the Court be called upon to do so by the defendant in the execution. They cannot be disturbed by any one else. *Swiggart* v. *Harber,* 4 Scam. 364.

The defendants in the execution in this case did not move the Court to set aside this sale. Other and different parties made this application, and in this proceeding the Court will not collaterally inquire into the regularity of the proceedings connected with the sale.

The Court will not set aside an execution, levy, or sale, unless the party who attacks the execution shall give notice to the opposite party. The reason is, that it is a new proceeding, and the opposite party should have an opportunity of being heard in a matter where his interest might be seriously affected. *Sears* v. *Low,* 2 Gilman, 281, and the authorities there cited.

Although the motion was made on the 8th of November, 1844, it was only served on Saunders, one of the parties, on the following day. Crooks was never served with notice at all, and the record nowhere shows any appearance by either party. It is expressly decided in 1 Scam. 535, that notice must be given *previous* to the making of the motion.

Crook, although a joint purchaser with Saunders under the execution, is not before this Court, as he was not in the

Court below. Saunders is the only party defendant in error here. If the sale be set aside and the execution quashed, the interest of Crook might be seriously prejudiced, without any knowledge on his part of any such proceeding. The notice was not sufficient even for Saunders, it not being served upon him until after the motion was filed. But a notice to one cannot be considered as notice to both, no more than the service of a writ upon one of two joint defendants could be a notice to both to appear and answer.

When the plaintiff in the execution is the purchaser, and has not conveyed the property to a third person, the injured party may have the sale set aside on motion; but if he has conveyed to a third person who is a purchaser, the remedy is in equity. *Day* v. *Graham*, 1 Gilman, 435.

The bill of exceptions in the case does not show but there had been a conveyance to a third party, which was, in point of fact, the case, and the very ground upon which the Court refused to grant the motion.

The bill of exceptions has been decided by this Court to be the pleading of the party presenting the same, and it is to be taken most strongly against him.

It not appearing by the bill of exceptions that the plaintiffs had not transferred their interest to third parties, this Court will presume that a transfer was made, and that the Court below decided correctly.

The report of the decision of this case, at a former term of this Court, (4 Scam. 527,) which was introduced, was not evidence of anything.

The Opinion of the Court was delivered by

Treat, J. In June, 1843, Saunders and Crook obtained a judgment against the administrators of William Campbell, in a proceeding to enforce a mechanic's lien on certain real estate. On the 31st of August, 1843, they purchased the premises at the sheriff's sale in satisfaction of their judgment. At the October term 1844, the administrators entered a motion to set aside the sale, and gave Saunders notice of the motion. At the March term 1846, the motion was heard

*ex parte,* and denied by the Court. That decision is assigned for error.

Without inquiring into the merits of the application, the decision of the Circuit Court must be sustained. All of the parties interested in the disposition of the motion were not before the Court. It was substantially a new proceeding, of which both of the judgment creditors were entitled to reasonable notice. They had purchased in the real estate in full satisfaction of their judgment. The object of the motion was to defeat the purchase, and deprive them of the fruits of their recovery. They were as much entitled to notice of the motion, as of the pendency of a writ of error to reverse the judgment. Notice in such cases cannot be dispensed with. An opportunity should be afforded the parties interested in sustaining a sheriff's sale, of showing that the execution properly issued, and that the proceedings under it were valid and regular; or if irregular, but capable of amendment, of entering a cross motion to correct them. See the case of *Sears* v. *Low,* 2 Gilman, 281. The notice having been served on one of the parties only, the Circuit Court was not bound to entertain the motion, and committed no error in denying it.

The judgment of the Circuit Court is affirmed, with costs,

*Judgment affirmed.*